PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BROWN, | ) | CASE NO. 3:23-CV-00389 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) | |
| | ) | |
| JERRY SPATNY, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Respondent. | ) | [Resolving ECF Nos. 1, 24, 28] |

## I. INTRODUCTION

Christopher Brown is serving a "forty-to-life" sentence in state prison for repeatedly raping his minor stepdaughter from 2013 to 2016. He enters a Petition for a Writ of *Habeas Corpus* (ECF No. 1) under 28 U.S.C. § 2254 challenging his confinement and alleging—*inter alia*—juror misconduct, ineffective assistance of counsel, and insufficient evidence. Respondent is Petitioner's gaoler, Jerry Spatny.[1] After reviewing the assigned Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 24) against Petitioner's sole Objection (ECF No. 28) thereto, the Court overrules the Objection, adopts the R&R, and denies the Petition. The reasons follow.

---

[1] Substituted as Warden. *See* Fed. R. Civ. P. 25(d).

## II.  BACKGROUND

### A.  *Facts*

Mother S.B. and daughter A.K. moved from Tennessee to Toledo in 2013.[2]  *See* ECF No. 24 at PageID #: 1224.  At first, they lived with S.B.'s sister.  *See* ECF No. 24 at PageID #: 1225.  Later, they moved in with S.B.'s father, T.M., in a house on Parkwood Avenue.  Petitioner— A.K.'s stepfather—lived there, too.  *See* ECF No. 24 at PageID #: 1224.  He began sexually abusing A.K. in her grandfather's recreation room by inserting a nasal inhaler into her vagina.  *See* ECF No. 24 at PageID #: 1224.  Outside the home, A.K. found sanctuary caring for animals at a local barn.  *See* ECF No. 24 at PageID #: 1224.  She claims Petitioner sexually abused her in a camper adjacent to that barn, including further vaginal penetration.  *See* ECF No. 24 at PageID #: 1224.  A.K. felt "stuck" and could not refuse Petitioner's advances for fear of upsetting him.  *See* ECF No. 24 at PageID #: 1224.  The abuses began in October 2013 when A.K. was twelve years old.  *See* ECF No. 24 at PageID #: 1223–24.

In 2014, A.K., S.B., and Petitioner moved from Parkwood Avenue to an apartment on Chase Street.  *See* ECF No. 24 at PageID #: 1225.  At the time, both S.B. and Petitioner abused oxycodone.  *See* ECF No. 24 at PageID #: 1225.  Petitioner continued to sexually assault A.K. at the new apartment by inserting vibrators into her vagina, raping her vaginally, and masturbating against her labia.  *See* ECF No. 24 at PageID #: 1224.  S.B. began to suspect Petitioner was

---

[2] Alongside S.B.'s other children, unimplicated herein.  *See* ECF No. 24 at PageID #: 1225.

2

sexually abusing her daughter, testifying that he "was always [locking] the door with [A.K.] in it, and every time I tr[ied] to come home and open the bedroom door, [it] was always locked." *See* ECF No. 24 at PageID #: 1225. S.B. described one incident when—on entering a room in which Petitioner and A.K. were alone—she "opened the [bedroom] door and it looked like [A.K.'s] head c[a]me flying out of the covers really fast. I could kind of tell that [Petitioner] was a little nervous and I just kind of like, I didn't know what to say." *See* ECF No. 24 at PageID #: 1225. These abuses occurred between January 2016 and December 2016. Petitioner was fifteen.

Two years later, A.K. revealed the assaults to her mother in piecemeal fashion. *See* ECF No. 24 at PageID #: 1225. In response, S.B. set a meeting with Detective Diane Trevino of the Toledo Police Department. *See* ECF No. 24 at PageID #: 1225. At that meeting, A.K. formally reported Petitioner's sexual misconduct. Detective Trevino immediately launched an investigation and referred Petitioner to the county prosecutor for criminal charges. *See* ECF No. 24 at PageID #: 1225.

### B. *Proceedings*

Petitioner was indicted in March 2019 in the Lucas County (Ohio) Court of Common Pleas on seven counts: four for rape involving a victim younger than thirteen (under Ohio Rev. Code § 2907.02(A)(1)(b) and (B)); two for rape (under Ohio Rev. Code § 2907.02(A)(2) and (B)); and one for corrupting another with drugs (under Ohio Rev. Code § 2925.02(A)(4)(a)).[3] *See Ohio v. Brown*, No. CR-0201901504 (Lucas County Ct. Com. Pl. 2020); ECF No. 24 at PageID #: 1223. He pled not guilty to all charges, and a jury trial commenced in February 2020. *See* ECF No. 24 at PageID #: 1224. The State presented three witnesses: A.K., a child abuse

---

[3] For giving oxycodone to A.K.

(3:23-CV-00389)

expert,[4] and S.B. *See* ECF No. 24 at PageID #: 1224–25. Petitioner's Trial Counsel countered with four: Detective Trevino, T.M., T.M.'s husband, and Petitioner himself. *See* ECF No. 24 at PageID #: 1226.

On the witness stand, Petitioner described his link to A.K. as a "normal father-daughter relationship[.]" *See* ECF No. 24 at PageID #: 1227. He denied any sexual contact occurred between them. *See* ECF No. 24 at PageID #: 1227. He claimed A.K. fabricated the allegations out of anger over Petitioner's impending divorce with S.B. and for ceasing payment of A.K.'s cell phone bill. *See* ECF No. 24 at PageID #: 1227. While testifying, Petitioner, inadvertently disclosed that he was incarcerated during trial. That revelation prompted a sidebar, whereupon both the State and Trial Counsel agreed that Petitioner's comment constituted an invited error. The trial court offered to provide a limiting instruction to the jury, but Trial Counsel elected instead to "leave it alone." *See* ECF No. 24 at PageID #: 1227.

Adding to the dynamics of trial, one of the jurors impermissibly conducted online research on their cell phone during verdict deliberations. *See* ECF No. 24 at PageID #: 1227. In response, Trial Counsel advised Petitioner to pursue a mistrial. He declined, and Trial Counsel subsequently informed the trial court on the record that:

> Against my counsel and advice, I advised [Petitioner] that a mistrial is warranted simply because of the taintedness of more than one Juror as a result of the collective request for the definition as to "access." *But, my client, Your Honor, does not want a mistrial. So, against my counsel and advice, my client wants to proceed with this trial, with the continued deliberations with the current Jury panel of twelve.* He does though make a request that based upon the obvious violation of this Court's instruction as to having electronic media, that Count 7 is tainted. We would ask the court to dismiss that count

---

[4] Dr. Randall Schlievert.

4

> due to what the Jury has represented to the Court. But my client is
> not asking for a mistrial as to Counts 1 through 6.

*See* ECF No. 24 at PageID #: 1228 (emphasis added).  The State dismissed the drug corruption

charge implicated by the improper juror research, and deliberation continued  on the remaining

counts.

On February 13, 2020, Petitioner was convicted on four counts of rape: two at the

Parkwood Avenue home; two at the Chase Street apartment.  *See* ECF No. 24 at PageID #: 1228.

The jury did not reach a verdict on the alleged abuses in the barn camper.  *See* ECF No. 24 at

PageID #: 1228.  At sentencing, the trial court imposed consecutive terms totaling forty years to

life incarceration.  *See* ECF No. 24 at PageID ##: 1228–29.  Petitioner entered detention at the

Grafton Correctional Institution ("GCI") on February 27, 2020.  *See* Ohio Dep't of Rehabilitation

& Correction, Offender Details: Christopher Brown (A769914), Ohio Offender Search (last

visited Mar. 6, 2026).  He remains there today.  *See id.*

*        *        *

Following his conviction, Petitioner pursued parallel appellate tracks.  First, he appealed

to Ohio's Sixth District Court of Appeals on four assignments of error: juror misconduct,

ineffective assistance of counsel, insufficient evidence, and verdict against the manifest weight

of the evidence.  *See* ECF No. 24 at PageID ##: 1229–30.  The appellate court denied relief and

affirmed the convictions.  *See State v. Brown*, No. L-20-1052, 2021 WL 1943266 (Ohio Ct. App.

May 14, 2021).  Petitioner then sought permission from the Supreme Court of Ohio to submit a

delayed appeal on three grounds: the mistrial declination, Trial Counsel's failure to request a

limiting jury instruction, and insufficient evidence.  *See* ECF No. 24 at PageID #: 1229.  The

court gave Petitioner leave to file but declined jurisdiction.  *See State v. Brown*, 177 N.E.3d 987

(3:23-CV-00389)

(Ohio 2021). Second, while his delayed appeal was pending, Petitioner applied to the Sixth District to reopen his direct appeal under Ohio R. App. P. 26(B). *See* ECF No. 24 at PageID #: 1230. He argued that Appellate Counsel was ineffective for failing to raise Trial Counsel errors including failure to impeach, failure to object, and deficient trial strategy. The appellate court denied the application. No appeal followed.

\*　　\*　　\*

Next, Petitioner filed a delayed petition for post-conviction relief in the Lucas County Court of Common Pleas under Ohio Rev. Code § 2953.21. *See* ECF No. 24 at PageID #: 1231. Therein, he argued that Trial Counsel was ineffective for not discovering the allegedly exculpatory evidence that he was not prescribed a nasal inhaler until 2017, despite raping his stepdaughter with an inhaler four years earlier. *See* ECF No. 24 at PageID #: 1231. The trial court dismissed Petitioner's claim as untimely, concluding that the filing delay was inexcusable because Petitioner was aware of his own medical history before, during, and after trial. *See* ECF No. 24 at PageID #: 1231. Petitioner appealed that denial to the Sixth District on four assignments of error: abuse of discretion, improperly denied evidentiary hearing, premature ruling on the merits, and improper application of *res judicata*. *See* ECF No. 24 at PageID #: 1231. The appellate court again denied relief. *See State v. Brown*, No. L-23-1119, 2024 WL 513727 (Ohio Ct. App. Feb. 9, 2024). Petitioner appealed to the Supreme Court of Ohio, which declined jurisdiction. *See State v. Brown*, 233 N.E.3d 648 (Ohio 2024).

\*　　\*　　\*

Petitioner filed the instant application for writ of *habeas corpus* under 28 U.S.C. § 2254 on February 27, 2023. *See* ECF No. 1. He justifies his request for post-conviction relief on five grounds:

6

(3:23-CV-00389)

> *(Ground I)* — The trial court should have declared a mistrial after jurors researched definitions online during deliberation.
>
> *(Ground II)* — Trial counsel should have asked the trial court judge to instruct the jury to disregard Petitioner's accidental incarceration comment.
>
> *(Ground III)* — The evidence at trial was insufficient to support a conviction beyond a reasonable doubt.
>
> *(Ground IV)* — Appellate Counsel failed to raise Trial Counsel errors on direct appeal.
>
> *(Ground V)* — Trial Counsel failed to investigate and present evidence that Petitioner did not own a nasal inhaler until 2017.

*See* ECF No. 1 at PageID ##: 1–19.  The Petition was assigned to Magistrate Judge Darrell A. Clay, who held the case in abeyance pending exhaustion of state remedies.  *See* ECF No. 10.  He resurrected the case on May 14, 2024, and the State entered a Return of Writ shortly thereafter.  *See* ECF Nos. 13, 14.  Petitioner then moved for and was denied an expanded record and evidentiary hearing.  *See* ECF Nos. 18, 21, 23.  He opposed the State's Return of Writ in a timely Traverse.  *See* ECF No. 20.

Magistrate Judge Clay issued a R&R on March 5, 2025.  *See* ECF No. 24.  In it, he advises that Grounds I–IV be denied as meritless and Ground V be dismissed as procedurally defaulted.  He ultimately recommends the Petition be denied without a certificate of appealability.  *See* ECF No. 24 at PageID ##: 1222–23.  Petitioner timely filed a single objection.[5]  *See* ECF No. 28.

---

[5] Timely amended from an initial Objection on March 27, 2025.  *See* ECF No. 27.

(3:23-CV-00389)

### III. LAW

### A. *Habeas*

A writ of *habeas corpus ad subjiciendum* is a civil *ex parte* proceeding whereby a district court confirms the legitimacy of a prisoner's custody. *See* U.S. Const. art. I, § 9, cl. 2; *Ex parte Bollman and Ex parte Swartwout*, 8 U.S. 75 (1807). When granted, the writ orders a jailer to bring the incarcerated before a judge to weigh the imprisonment's propriety. *See Boumediene v. Bush*, 553 U.S. 723, 725 (2008). If the detention violates the United States Constitution, federal law, or federal treaty, the incarcerated is entitled to relief. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statutory framework for *habeas* petitions in federal court. See 28 U.S.C. §§ 2241–2256. A petition under 28 U.S.C. § 2254 specifically challenges the fairness of state court proceedings and state deprivations of liberty. *See Brown v. Allen*, 344 U.S. 443, 457 (1953). It is the primary mechanism of federal relief for those incarcerated in state prisons. *See Powell v. Collins,* 332 F.3d 376, 388 (6th Cir. 2003).

Under 28 U.S.C. § 2254(d), a *habeas* writ may not be granted unless the state court proceedings: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000). A district court cannot issue a writ solely for "a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). Rather, it must give

8

(3:23-CV-00389)

deference to the state court's legal and factual determinations.[6]  *See Estelle v. McGuire, 502 U.S. 62, 63 (1991)*; *Cristini v. McKee, 526 F.3d 888, 897 (6th Cir. 2008)*.

**B.  *Referral***

A district court may assign a *habeas* petition under 28 U.S.C. § 2254 to a Magistrate Judge for factual findings and legal recommendations *via* R&R.  *See* 28 U.S.C. 636(b)(1)(B). On receipt of the R&R, litigants have two weeks to enter any objections.  *See* Fed. R. Civ. P. 73(b)(2); *id.*  A district court reviews *de novo* only those portions of the R&R *specifically* objected to.[7]  *See* 28 U.S.C. § 636(b)(1)(C); *id.*  Failure to timely object "constitute[s] a waiver of subsequent review, absent a showing of good cause for such failure."  Local Rule 72.3(b)v; *see* Fed. R. Civ. P. 72(b).  Objections must be clear and specific, directing the court's attention to specific contentions with the R&R.[8]  *See Thomas v. Arn, 474 U.S. 140, 147 (1985)*; *Howard v. Sec'y of Health & Hum.Servs., 932 F.2d 505, 509 (6th Cir. 1991)*.

---

[6] "A violation of state law is not cognizable in federal habeas unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution."  *Cristini, 526 F.3d at 897*.

[7] *See*, *e.g.*, *Bulls v. Potter, No. 5:16-CV-02095, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020)* (citing Fed. R. Civ. P. 72(b)(2)) (noting objections "must be specific in order to trigger *de novo* review") (cleaned up); *Spring v. Harris, No. 4:18-CV-2920, 2022 WL 854795, at *4 (N.D. Ohio Mar. 23, 2022)* (quoting *Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (N.D. Ohio 2022)*) ("An objection that does nothing more than state a disagreement with a [Magistrate Judge]'s suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context") (cleaned up).

[8] *See Potter, 2020 WL at *2* ("A party disappointed with the [Magistrate Judge]'s recommendation has a duty to pinpoint those portions of the [R&R] that the district court must specially consider.") (cleaned up).  As a result, a vague objection to the entire report that "attempts to support [a] general objection with an exact recitation of arguments that were previously raised before the [Magistrate Judge]" does not meet the specificity requirement that triggers *de novo* review.  *Id.* (cleaned up).

9

(3:23-CV-00389)

On review, a district court's role "is not to conduct a free-wheeling examination of the entire [R&R], but only to address any specific objections that a party has advanced to some identified portion of it." *Thomas v. May*, No. 5:20-CV-2628, 2025 WL 957237, at \*4 (N.D. Ohio Mar. 31, 2025). A district court may accept, reject, or modify the R&R, receive additional evidence, or return it to the Magistrate Judge with clarifying guidance. *See* 28 U.S.C. § 636(b)(1)(C). Absent specific objections, a district court may adopt the R&R without in-depth review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991).

## IV. DISCUSSION

### A. *Unobjected*

Petitioner offers no objections to the Magistrate Judge's recommendations on Grounds II, III, IV, and V. The Court therefore incorporates R&R's analysis and adopts its conclusions herein. Grounds II, III, and IV are denied as meritless, and Ground V is dismissed as procedurally defaulted. *See* ECF No. 24.

### B. *Objected*

Petitioner's Objection focus solely on Ground I. *See* ECF No. 28 at PageID ##: 1279–83 Ground I contends that the trial court violated his due process rights by failing to declare a mistrial after jurors admitted to conducting independent research during deliberations. *See* ECF No. 1 at PageID #: 5. In his Traverse, Petitioner reframes this as a claim for ineffective assistance asserting that Trial Counsel failed to adequately advise him to accept the offered mistrial. *See* ECF No. 20 at PageID ##: 1162–63. He argues that *all* juror misconduct is presumptively prejudicial, and thus the trial court was *required* to order a mistrial under the circumstances. He further contends that the prevailing party bears the burden of proving the absence of prejudice, which he says the State failed to carry.

10

The R&R disagrees. It recommends denying Ground I because—although *de novo* review is appropriate when a state court disposes of a claim on invited-error grounds without reaching the merits—Petitioner cannot demonstrate actual prejudice because he was: (1) afforded a full *Remmer* hearing; (2) given adequate time to confer with Trial Counsel; and (3) voluntarily chose to proceed to verdict on the remaining counts against Trial Counsel's counsel. Put plainly: the R&R says that Petitioner cannot claim a constitutional injury from the consequences of his voluntary choices at trial.

On Objection, Petitioner argues the Court "should determine that Petitioner has shown structural error or prejudice *per se* on Ground [I] and grant the writ[,] or at least issue a certificate of appealability based on whether [P]etitioner has shown a debatable claim of the denial of his constitutional rights[.]" ECF No. 28 at PageID #: 1279. More specifically, he believes the Magistrate Judge sidestepped his core argument—that the decision *not* to pursue a mistrial belonged exclusively to Trial Counsel, and was therefore a matter of litigative mismanagement. *See* ECF No. 28 at PageID #: 1281. In his view, the mistrial forbearance fell outside Petitioner's autonomy because moving for a mistrial does not waive the right to a jury trial itself, thereby constituting structural error or prejudice *per se*. *See* ECF No. 28 at PageID #: 1281–82.

*     *     *

A state trial court decision is entitled to AEDPA deference only when it rules on the merits of a federal constitutional claim. *See Cooper v. Chapman*, 970 F.3d 720, 729–30 (6th Cir. 2020) ("Because the state appellate court made no determination on the merits of [defendant]'s constitutional challenge . . . this court applies *de novo* review to the harmless error

11

(3:23-CV-00389)

question presented on appeal[.]") The Sixth District's reliance on Petitioner's invited error in its analysis means, definitionally, that it did not resolve Ground I on the merits:

> Ordinarily, we review the trial court's disposition of a defendant's allegation of juror misconduct for an abuse of discretion. However, in this case, we need not determine whether the trial court abused its discretion in failing to declare a mistrial, because we find that any error associated with such inaction was invited by appellant.

ECF No. 14–1 at PageID #: 220. Accordingly, the Sixth District's ruling *vis-à-vis* Ground I shall be reviewed *de novo*. *Cooper*, 970 F.3d at 730.

When reweighed anew and taken against Petitioner's Objection, Ground I remains meritless. The Sixth Amendment guarantees criminal trial by an impartial jury. *See* U.S. Const. amend VI. Trial courts must investigate unauthorized conduct in jury deliberations. *See Remmer v. United States*, 347 U.S. 227, 229–30 (1954). Yet Fourteenth Amendment Due Process does not mandate a mistrial every time a juror encounters extraneous information. *See Smith v. Phillips*, 455 U.S. 209, 217 (1982). "Were that the rule, few trials would be constitutionally acceptable." *Id.* Rather, Petitioner had to prove *actual* prejudice at the trial court's *Remmer* hearing. *see In re Sittenfeld*, 49 F.4th 1061, 1066–67 (6th Cir. 2022), as juror misconduct is, by itself, insufficient. *See Ewing v. Horton*, 914 F.3d 1027, 1030 (6th Cir. 2019). "When a petitioner shows that extraneous information may have tainted the jury, due process requires the opportunity to show that the information did taint the jury to his detriment." ECF No. 24 at PageID #: 1248 (citing *Ewing*, 914 F.3d at 1031).

Petitioner cannot and did not make such a showing. During deliberations, jurors told the trial court that one of their number researched the word "access" in an online dictionary and the Ohio Revised Code. *See* ECF No. 15–1 at PageID ##: 993–95. No other research occurred. *See*

12

(3:23-CV-00389)

ECF No. 15–1 at PageID ##: 995–97. At the State's insistence, the trial court held a *Remmer* hearing, gave Petitioner time to confer with Trial Counsel, and offered him a choice of remedies:

> So Mr. Brown, this could be approached any number of ways. It would -- this alone would serve as a foundation for you to ask for a mistrial, which would, if granted, mean the Jury is discharged and your case would start over with a new trial. An alternative to that is to bring the Jury out, find out exactly what this, in their words, unauthorized research dealt with, and it may or may not be viewed as impactful and you may make the considered decision that you're comfortable going forward with this Jury deliberating.

ECF No. 15-1 at PageID ##: 989:19–90:5.  Trial Counsel urged Petitioner to seek a mistrial, but he refused.  *See* ECF No. 15–1 at PageID ##: 1000:25–01:16.  Instead, he asked the trial court to dismiss only the research-corrupted count and proceed to deliberations on the remaining charges. *See* ECF No. 15–1 at PageID ##: 1002:2–03:2.  Having walked his chosen path, Petitioner cannot claim prejudice *per se* as a product of personal preference.  Furthermore, there is "no indication that the jury's research set the tone for deliberations on the other counts or was connected to an adverse verdict on those counts."  ECF No. 24 at PageID #: 1249 (citing *Nevers v. Killinger*, 169 F.3d 352, 373 (6th Cir. 1999), *abrogated on other grounds by Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000).

Petitioner claims he faced an impossible choice: defy Trial Counsel's advice, or proceed toward an unreviewable adverse verdict.  *See* ECF No. 20 at PageID #: 1162–63. His logic is faulty; the meaningful choice was not between defiance and deliberation, but between (a) accepting a mistrial, and facing the stress uncertainty of new proceedings, or (b) dismiss the corrupted charge dismissed and proceed to verdict.  For better or worse, he chose the latter.  This is not due process violated—it is due process regretted.  The Court finds no violation herein warranting *habeas* relief.

13

(3:23-CV-00389)

## V.  CONCLUSION

For these reasons, Christopher Brown's Petition for a Writ of *Habeas* Corpus (ECF No. 1) under 28 U.S.C. § 2254 is denied.  The Magistrate Judge's Report and Recommendation (ECF No. 24) is adopted.  Grounds I, II, III, and IV are denied as meritless.  Ground V is dismissed as procedurally defaulted.  Petitioner's Objection (ECF No. 28) is overruled.  The Court states that an appeal of this ruling cannot be taken in good faith.  It therefore declines to issue a certificate of appealability.


IT IS SO ORDERED.


 March 6, 2026                                                          */s/ Benita Y. Pearson*
 Date                                                                    Benita Y. Pearson
                                                                               United States District Judge

14